### Juan Perez v. The State.

1. Witness — Evidence. — Information for an aggravated assault was filed on the affidavit of one H. The defendant moved to quash, alleging that H. had been convicted of a felony, and offering to prove the allegation by H. himself. The court below overruled the motion, and, over objection by the defence, allowed H. to testify in the case. *Held,* correct. H. could not be required to testify to his own infamy, and the record of his conviction was the primary and best evidence of it. His incompetency, therefore, was not shown.

2. Penalty — Right of Election. — In a trial since the Revised Penal Code took effect, for an offence committed before it took effect, and the penalty for which it ameliorates, the defendant has the right to elect to receive the penalty prescribed by the law in force when the offence was committed; and if he does so elect, it is error to disregard his election and give in charge to the jury the ameliorated penalty.

3. Plea. — The record on appeal must show a plea made by or entered for the defendant.

Appeal from the County Court of Wilson. Tried below before the Hon. W. L. Worsham, County Judge.

The offence charged was aggravated assault and battery, the *minimum* penalty for which has been reduced by the Revised Code from $100 to $25. The conviction was for simple assault and battery, the *maximum* penalty for which is reduced from $100 to $25.

*A. J. Williams,* for the appellant.

*Thomas Ball,* Assistant Attorney-General, for the State.

WINKLER, J.   A motion was made in the court below to quash the affidavit on which the information was based, on the ground that the affiant had previously, and before the organization of the county, been convicted of a felony, and had served a term in the State penitentiary, and was therefore incompetent to make the affidavit or to testify in the case.   On the hearing of the motion, the defendant offered oral testimony as to the truth of the averments of the motion, and proposed to prove the same by the affiant himself, he being the assaulted party.

This the court refused to permit, but allowed the party to testify, over objection by the defendant's counsel.   In this the court did not err.   It was not permissible to prove by the party himself his own infamy.   1 Greenl. on Ev. And, besides, the record of his conviction was the best evidence of that fact, and this was not offered, nor was its absence accounted for.   *Cooper* v. *The State*, 7 Texas Ct. App. 194.

It is shown by the bill of exceptions that the defendant, on his trial, elected to be tried under the law in force at the time the offence is alleged to have been committed, which was not regarded by the court, but the penalty of the law in force at the time of the trial was charged; to which the defendant took a bill of exceptions.   This was error.   When the penalty for an offence is prescribed by one law and altered by a subsequent law, the penalty of such second law shall not be inflicted for a breach of the law committed before the second shall have taken effect.   In every such case the offender shall be tried under the law in force when the offence was committed, and, if convicted, punished under that law; except that when by the provisions of the second law the punishment is ameliorated, the defendant shall be punished under such last enactment, unless he elect to receive the penalty prescribed by the law in force when the offence was committed.   Penal Code, art. 15.

It is not shown by the record that the defendant pleaded to the information, or that, standing mute, a plea was entered for him. This has uniformly been held by this court to be indispensable in order to sustain a verdict of guilty. Code Cr. Proc., art. 517. The testimony is not satisfactory as to the defendant's guilt.

Because there was no plea entered by or for the defendant, and because the court refused to permit the defendant to elect to be tried, and punished if found guilty, under the law in force when the offence was committed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*